Minnie KRANTMAN, Plaintiff-Appellant,

v.

LIBERTY LOAN CORPORATION et al.,
Defendants-Appellees.

No. 11903.

United States Court of Appeals
Seventh Circuit.

July 29, 1957.

Richard James Stevens, Irwin J. Askow, Burton H. Young, Chicago, Ill., for plaintiff-appellant.

Martin J. McNally, Chicago, Ill., for David B. Lichtenstein and Lyle S. Woodcock.

Thomas C. Strachan, Jr., Walter I. Deffenbaugh, Chicago, Ill., for I. H. Levy, Pope & Ballard, Chicago, Ill., of counsel.

Andrew J. Dallstream, Fredric H. Stafford, Chicago, Ill., for D. J. Harris and David S. Nerad.

John F. Cashen, Jr., Chicago, Ill., for Liberty Loan Corp.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

There is absent from this appeal any assertion that the findings of fact made by the district judge sitting without a jury are unsupported by the evidence. Under Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C., "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." After our study of this record and the parties' briefs we leave those findings undisturbed.

Minnie Krantman, plaintiff, owns 25 shares of Class A stock of the defendant, Liberty Loan Corporation, existing under Delaware laws, engaged in the small loan business. Plaintiff, an Iowa resident, acquired that stock September 16, 1954 at 23½ per share through her attorney who placed an order with a broker. Liberty issued its certificate on October 18, 1954 for those shares in plaintiff's name. Krantman's purchase took place approximately sixty days after defendant, I. H. Levy (President, Director and controlling stockholder of Liberty until July 19, 1954) together with several business associates and members of his family consummated a sale to Key Finance Company of their holdings of 7241 shares out of a total issue of 7500 Class "B" shares of Liberty. In addition to the corporate defendant and Levy, other officers and directors of Liberty were joined as individual defendants.

This is a stockholder's derivative suit commenced October 20, 1954 on Liberty's behalf and its Class A stockholders complaining of, and challenging: (1) the Employees' Stock Purchase Plan; (2) the issuance of 92,500 shares of common

stock allegedly without adequate consideration in the exchange of 7500 shares of Class B stock for 100,000 shares of common stock; (3) the receipt by I. H. Levy, Chairman of the Board, who was Liberty's president and controlling stockholder, of an allegedly excessive consideration in his sale of controlling shares to David B. Lichtenstein's group; and (4) the payment of a salary of $40,000 per year to Levy as part of the consideration for Levy's sale of Liberty shares. Plaintiff's original complaint was followed up with a Supplemental Complaint, filed November 17, 1954, and an Amendment to Complaint and Supplemental Complaint, filed November 17, 1954, and an Amendment to Complaint and Supplemental Complaint, filed September 12, 1955. Claims against I. H. Levy personally were first asserted in plaintiff's last pleading. After Krantman presented her evidence the trial judge correctly, we think granted defendants' motion to dismiss under Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C. In relevant part, that Rule governs this case: "After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff * * *. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)." A final decree was entered dismissing plaintiff's action for want of equity and this appeal followed.

Our recent discussion of Rule 41.(b) in Penn-Texas Corporation v. Morse, 7 Cir., 1957, 242 F.2d 243 explains the impact of, and how, that Rule controls this appeal. The "Contested Issues" and "Propositions of Law Relied Upon" by Krantman in her brief are simply generalizations of law without bearing on the facts reported by the trial judge. The facts of this case are reported below as Krantman v. Liberty Loan Corporation, D.C. Ill.1956, 152 F.Supp. 705.

All judgments, orders and decrees itemized in plaintiff's notice of appeal are hereby affirmed in all respects.

Judgment affirmed.

SWAIM, Circuit Judge.

I concur in the result.